<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**


JAMES McINTOSH,                :
a/k/a Karim Bey,               :
                               :     Civil Action No. 12-2240 (JBS)
              Petitioner,      :
                               :
        v.                     :     **OPINION**
                               :
J.T. SHARTLE,                  :
                               :
              Respondent.      :


**APPEARANCES:**

Petitioner <u>pro</u> <u>se</u>            Counsel for Respondent
James McIntosh                 Elizabeth Ann Pascal
FCI Fairton                    Assistant U.S. Attorney
P.O. Box 420                   401 Market Street
Fairton, NJ  08320             P.O. Box 2098
                               Camden, NJ  08101


**SIMANDLE,** Chief Judge

        Petitioner James McIntosh, a prisoner currently confined at

the Federal Correctional Institution at Fairton, New Jersey, has

submitted a petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241.[1]  The sole respondent is Warden J. T. Shartle.

_____

        [1] Section 2241 provides in relevant part:

        (a) Writs of habeas corpus may be granted by the
        Supreme Court, any justice thereof, the district courts
        and any circuit judge within their respective
        jurisdictions.
        (c) The writ of habeas corpus shall not extend to a
        prisoner unless-- ... (3) He is in custody in violation
        of the Constitution or laws or treaties of the United
        States ... .

Because it appears from a review of the parties' submissions that this Court lacks jurisdiction, the Petition will be dismissed.

## I.   BACKGROUND

Following a jury trial, Petitioner James McIntosh was convicted in the U.S. District Court for the Eastern District of Pennsylvania of Conspiracy to Interfere with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951; Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951; and Using and Carrying a Firearm during a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1).  See United States v. McIntosh, Criminal No. 97-203-2 (E.D. Pa.).[2]

On March 27, 1998, the trial court sentenced Petitioner, as a career offender, to a 262-month term of imprisonment for the conspiracy and robbery convictions and a consecutive 60-month term for the firearms offense.  Id.  (Docket Entry No. 265).  In calculating Petitioner's sentence, and over Petitioner's objection, the trial court determined that a 1981 state conviction for simple assault qualified Petitioner for sentencing as a career offender under United States Sentencing Guidelines § 4B1.1.[3]  Petitioner successfully appealed that decision and the

_____

[2] The offense conduct occurred on September 30, 1996.

[3] Pursuant to U.S.S.G. § 4B1.1(a), a defendant is a career offender if, inter alia, he has at least two prior felony convictions of a "crime of violence."  With regard to the

U.S. Court of Appeals for the Third Circuit remanded the case for resentencing on the career offender determination.  See U.S. v. Tucker, 187 F.3d 627 (3d Cir. 1999) (Table); see generally U.S. v. McIntosh, 58 F.Supp.2d 612 (E.D. Pa. 1999).

On remand, in considering the applicability of the career offender provision, the trial court did not consider the 1981 simple assault conviction, which had been imposed more than 15 years before the federal offense conduct and with respect to which there was no evidence that Petitioner had served any part of that sentence within the requisite 15-year period.  The trial court did consider, however, a 1984 state simple assault conviction, introduced for the first time on remand, for which Petitioner had been sentenced to serve not less than six months nor more than twenty-three months, finding that the 1984 simple assault conviction constituted a "crime of violence" subjecting Petitioner to sentencing as a career offender.  The trial court

---

applicable time period, U.S.S.G. § 4A1.2(e)(2) provides that:

> Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted.  Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

The trial court also relied upon a 1980 state robbery conviction for which Petitioner received a seven-to-fourteen year sentence.  Petitioner did not dispute the propriety of the trial court's consideration of that sentence.

3

imposed the same sentence it had previously imposed. 58 F.Supp.2d 612. An Amended Judgment of Conviction was entered on July 28, 1999. U.S. v. McIntosh, Crim. No. 97-203-2 (Docket Entry No. 291) (E.D. Pa.).

Petitioner again appealed, arguing that the trial court had exceeded the Third Circuit's mandate on remand by considering new evidence relating to his status as a career offender and by considering evidence that had not been identified in the original pre-sentence report. (Motion to Dismiss, Counsel Decl. Ex. H (McIntosh's Brief in Appeal No. 99-1628 (3d Cir.))). The Court of Appeals affirmed the sentence. U.S. v. McIntosh, 225 F.3d 651 (3d Cir. 2000) (Table). The Court of Appeals denied Petitioner's motion for rehearing en banc and issued its mandate on September 15, 2000.

On June 9, 2003, Petitioner filed in the trial court his first motion to vacate his sentence under 28 U.S.C. § 2255. Crim. No. 97-203-2 (Docket Entry No. 335) (E.D. Pa.). The motion was denied without prejudice by Order entered July 3, 2003. Id. (Docket Entry No. 341).

On May 18, 2004, Petitioner filed in the trial court his second motion to vacate his sentence under 28 U.S.C. § 2255. Id. (Docket Entry No. 347). By Order entered September 15, 2004, the trial court denied the motion. Id. (Docket Entry No. 351). On November 2, 2004, the trial court denied Petitioner's motion to

4

alter or amend the Court's judgment.  Id. (Docket Entries Nos. 352, 360).  The Court of Appeals for the Third Circuit denied Petitioner's request for a certificate of appealability.  U.S. v. McIntosh, No. 04-4297 (3d Cir.).

On August 1, 2008, Petitioner filed yet another motion to vacate, set aside, or correct sentence under § 2255, arguing that he was improperly classified as a career offender and that his counsel was ineffective for failing to investigate and challenge application of the career offender guideline.  U.S. v. McIntosh, Criminal No. 97-203-2 (E.D. Pa.) (Docket Entry No. 454).  At the same time, petitioner filed a motion to modify his sentence pursuant to 18 U.S.C. § 3582(c).  Id. (Docket Entry No. 456).  The trial court denied these motions, as comprising an impermissible second or successive 2255 petition, and denied a certificate of appealability.  Id. (Docket Entry No. 465).  The Court of Appeals also denied a certificate of appealability and otherwise affirmed.  See U.S. v. McIntosh, No. 08-4699 (3d Cir.).

On November 20, 2009, Petitioner filed a motion to recall the mandate in his direct appeal.  U.S. v. McIntosh, No. 99-1678 (3d Cir.).  Petitioner argued that he was "actually innocent" of being a career offender, on the theory that simple assault is not a crime of violence within the meaning of U.S.S.G.

§ 4B1.2(a)(1),[4] citing in support a number of recent Supreme
Court and Third Circuit cases, including Begay v. United States,
553 U.S. 137 (2008),[5] Chambers v. United States, 555 U.S. 122
(2009), Popal v. Gonzales, 416 F.3d 249 (3d Cir. 2005), United
States v. Otero, 502 F.3d 331 (3d Cir. 2007), and United States
v. Midgley, 218 Fed.Appx. 117 (3d Cir. 2007).  On July 9, 2010,
the Court of Appeals rejected Petitioner's arguments, stating:

> Appellant's motion to recall the mandate is denied.
> Appellant argues that his 1984 Pennsylvania state
> conviction of simple assault no longer qualifies as a
> "crime of violence" for purposes of U.S.S.G. §§ 4B1.1
> and 4B1.2 under the Supreme Court's recent decisions in
> Begay v. United States, 553 U.S. 137 (2008), and
> Chambers v. United States, 129 S. Ct. 687 (2009).
> Thus, he argues that he is "actually innocent" of being
> a "career offender" under U.S.S.G. § 4B1.1 and
> "actually innocent" of his sentence.  Although the
> Government concedes that appellant's conviction no
> longer constitutes a "crime of violence" under
> prevailing law, we will not treat that concession as
> conclusive given the discretionary and extraordinary
> nature of the relief that appellant seeks.  See

---

[4] Section 4B1.2(a) defines a "crime of violence," inter
alia, as a crime that "has as an element the use, attempted use,
or threatened use of physical force against the person of
another."

[5] In Begay, the Supreme Court considered whether driving
under the influence of alcohol under New Mexico law constituted a
"violent felony" within the meaning of the Armed Career Criminal
Act, 18 U.S.C. § 924(e)(2)(B)(ii).  The Court found that driving
under the influence of alcohol did not constitute a violent
felony that "is burglary, arson, or extortion, involves use of
explosives, or otherwise involves conduct that presents a serious
potential risk of physical injury to another," because a DUI
offense does not involve purposeful violent and aggressive
conduct.  553 U.S. 137, 144-45.  The other cases cited by
Petitioner similarly hold that an offense is "violent" only if it
involves purposeful, rather than reckless, conduct.

Calderon v. Thompson, 523 U.S. 538, 549 (1998); United States v. Skandier, 125 F.3d 178, 183 (3d Cir. 1997). We conclude to the contrary that appellant's conviction remains a "crime of violence" under prevailing law.

In United States v. Johnson, 587 F.3d 203 (3d Cir. 2009), we concluded, under the modified categorical approach, that the appellant's conviction of simple assault did not constitute a crime of violence because the charging instrument charged him merely with "intentionally, knowingly, or recklessly" causing bodily injury. Id. at 209 (emphasis added). Thus, we concluded that the charging instrument did not permit us to determine that the appellant's conduct was "purposeful," as required by Begay, because we could not determine whether the appellant necessarily admitted conduct that was intentional or knowing, as opposed to merely reckless, by pleading guilty to the charge. See id. at 212-13. We held, however, that an intentional or knowing simple assault would qualify as "purposeful" conduct. See id. at 211-12. In this case, the Pennsylvania state criminal complaint charging appellant with simple assault alleges in relevant part that appellant "did intentionally, knowingly and recklessly cause bodily injury to others." Because the criminal complaint charged appellant with conduct that was not only reckless, but intentional and knowing as well, appellant necessarily admitted to intentional and knowing conduct by pleading guilty to the charge. Accordingly, appellant's 1984 Pennsylvania state conviction for simple assault remains a "crime of violence" notwithstanding Begay, Chambers and Johnson, and we have no reason to take the extraordinary step of recalling the mandate issued some ten years ago in this appeal. For that reason, appellant's motion is denied.

U.S. v. McIntosh, No. 99-1678, Order (3d Cir. July 9, 2010). On August 17, 2010, the Court of Appeals denied Petitioner's motion for reconsideration.

In this Petition, filed in April 2012, Petitioner asserts that he is "actually innocent" of the legal requirements for sentencing as a career offender, because the 1984 simple assault

7

conviction is not a "crime of violence."  Petitioner again relies upon Begay and Chambers.  (Traverse, Docket Entry No. 13.) Petitioner argues that he is entitled to relief under § 2241 because relief under § 2255 is "inadequate or ineffective" to test the legality of his confinement.

Respondent has filed a Motion [11] to dismiss for lack of jurisdiction, arguing that Petitioner's claims are cognizable only under § 2255.  In the alternative, Respondent argues that Petitioner is collaterally estopped, by the Court of Appeals decision denying the motion to recall the mandate on direct appeal, from seeking review of the issue presented here, which is identical to the issue presented to the Court of Appeals.[6]

Petitioner has opposed the Motion to dismiss, and he has also filed a Motion [14] that this Court consider the "new substantive rule" announced in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (considering whether a conviction under North Carolina's Structured Sentencing Act qualifies as a predicate "felony drug offense" under the enhanced sentencing provisions of the federal Controlled Substances Act, 21 U.S.C. § 841(b)(1)(B)(vii)).

_____

[6] In addition, Respondent asserts that Petitioner has failed to exhaust his administrative remedies.  In light of this Court's disposition of the other arguments presented, it is not necessary to address this argument.

II.   ANALYSIS

Respondent has moved to dismiss the Petition for lack of jurisdiction.  See, e.g., Hill v. Williamson, 223 Fed.Appx. 179, 180 (3d Cir. 2007) (citing In re Galante, 437 F.2d 1164, 1165 (3d Cir. 1971)).

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 Fed.Appx. 148, 150 (3d Cir. 2011); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).  Motions under § 2255 must be brought before the court which imposed the sentence.  See 28 U.S.C. § 2255.  A one-year limitations period applies to § 2255 motions. See 28 U.S.C. § 2255(f).

Section 2255, however, contains a safety valve permitting resort to § 2241, a statute without timeliness or successive petition limitations, and which is filed in the court of confinement, where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [the

9

prisoner's] detention."  See 28 U.S.C. § 2255(e).  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective" where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.

The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255.  Id.  To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil only because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  Id. at 251-52.

In Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002), the Court of Appeals emphasized the narrowness of the "inadequate or ineffective" exception.  A § 2255 motion is "inadequate or ineffective," authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him

10

a full hearing and adjudication of his wrongful detention claim."
Cradle, 290 F.3d at 538.  "It is the inefficacy of the remedy,
not the personal inability to use it, that is determinative."
Id.  "Section 2255 is not 'inadequate or ineffective' merely
because the sentencing court does not grant relief, the one-year
statute of limitations has expired, or the petitioner is unable
to meet the stringent gatekeeping requirements of the amended
§ 2255.  The provision exists to ensure that petitioners have a
fair opportunity to seek collateral relief, not to enable them to
evade procedural requirements."  Id. at 539.

     Thus, under Dorsainvil and its progeny, this Court would
have jurisdiction over Petitioner's petition if, and only if,
Petitioner demonstrates: (1) his "actual innocence," (2) as a
result of a retroactive change in substantive law that negates
the criminality of his conduct, (3) for which he had no other
opportunity to seek judicial review.  See Dorsainvil, 119 F.3d at
251-52; Cradle, 290 F.3d at 539; Okereke v. United States, 307
F.3d at 120; Trenkler v. Pugh, 83 Fed.Appx. 468, 470 (3d Cir.
2003).

     Here, however, Petitioner does not assert that he is
"actually innocent" of the federal crimes of which he was
convicted; rather, he contends that he is actually innocent of
being a "career offender" subject to an enhanced sentence under
the U.S. Sentencing Guidelines.  More specifically, Petitioner

11

contends that his 1984 Pennsylvania simple assault conviction does not constitute a "crime of violence" within the meaning of U.S.S.G. § 4B1.1(a). Such a challenge to a sentence does not fall within the Dorsainvil exception.

In Okereke v. United States, supra, the Court of Appeals found that a district court lacked jurisdiction under § 2241 to consider a challenge to a sentence based upon a subsequent Supreme Court case, Apprendi v. New Jersey, 530 U.S. 466 (2000), in which the Supreme Court held that, other than the fact of prior convictions, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. As the Apprendi decision dealt only with sentencing, it did not fall within the Dorsainvil exception. The Court of Appeals for the Third Circuit has consistently rejected attempts to challenge sentencing enhancements under the Dorsainvil exception. See, e.g., Johnson v. Scism, 464 Fed.Appx. 87 (3d Cir. May 14, 2012); Green v. Bledsoe, 466 Fed.Appx. 71 (3d Cir. March 7, 2012); Sorrell v. Bledsoe, 437 Fed.Appx. 94 (3d Cir. July 14, 2011). Accordingly, it is clear that this Court lacks jurisdiction under s 2241 to consider this Petition, which challenges only the propriety of Petitioner's sentence as a career offender, not the criminality

of his conduct.[7]  Instead, this Petition must be construed as a successive § 2255 motion, over which this Court, in the district of confinement, not conviction, also lacks jurisdiction.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  Because the Court of Appeals has already considered and rejected, on the merits, the claim presented in this Petition, it would not be in the interest of justice to construe the Petition as one for leave to file a second or successive § 2255 motion and to transfer it to the Court of Appeals.  The Petition will be dismissed for lack of jurisdiction.

Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue.

---

[7] Moreover, Petitioner cannot establish that he had no earlier opportunity otherwise to present this challenge to his conviction, as the Court of Appeals considered and rejected Petitioner's claim when it was presented through a motion to recall the mandate on his direct criminal appeal.

III.   <u>CONCLUSION</u>

For the reasons set forth above, the Petition will be dismissed without prejudice for lack of jurisdiction.  An appropriate order follows.


<u>**s/ Jerome B. Simandle**</u>
Jerome B. Simandle
Chief Judge
United States District Court

Dated:  **December 3, 2012**

14